**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GARTH E. MCGILLEWIE; CYNTHIA J.
MCGILLEWIE,
Plaintiffs-Appellants,

HYDRA MACHINERY COMPANY,
INCORPORATED,
Debtor-Appellant,

No. 95-2897

v.

PARKER, POE, ADAMS & BERNSTEIN,
P.A., formerly known as Parker,
Poe, Thompson, Bernstein, Gage &
Preston, a North Carolina General
Partnership,
Defendant-Appellee.

GARTH E. MCGILLEWIE; CYNTHIA J.
MCGILLEWIE,
Plaintiffs-Appellees,

HYDRA MACHINERY COMPANY,
INCORPORATED,
Debtor-Appellee,

No. 95-2931

v.

PARKER, POE, ADAMS & BERNSTEIN,
P.A., formerly known as Parker,
Poe, Thompson, Bernstein, Gage &
Preston, a North Carolina General
Partnership,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CA-93-90-3-MU)

Argued: July 9, 1996

Decided: August 16, 1996

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Seth R. Cohen, SMITH, FOLLIN & JAMES, Greens-
boro, North Carolina, for Appellants. C. Ralph Kinsey, Jr., UNDER-
WOOD, KINSEY, WARREN & TUCKER, P.A., Charlotte, North
Carolina, for Appellee. **ON BRIEF:** Norman B. Smith, SMITH,
FOLLIN & JAMES, Greensboro, North Carolina, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In August 1985, Hydra Machinery Company, Inc. executed a con-
tract with Moog Maschinenvertrieb under which Hydra was desig-
nated the exclusive United States importer of Moog Maschinenver-
trieb's under-bridge repair equipment. Contending that Moog Maschi-
nenvertrieb breached the contract by supplying defective equipment
and failing to insure it properly, Hydra retained Parker, Poe, Adams

& Bernstein to sue Moog Maschinenvertrieb for breach of contract, breach of warranties, and unfair and deceptive trade practices. Parker, Poe, Adams & Bernstein prepared the complaint, filed it, served it by mail on Moog Maschinenvertrieb in Germany, and, when Moog Maschinenvertrieb failed to respond, obtained a default judgment in the amount of $1,183,266. When the law firm sought to enforce the judgment in Minnesota against assets allegedly shipped there by Moog Maschinenvertrieb, a Minnesota state court vacated the judgment because Moog Maschinenvertrieb had not been served in the manner specified by the Hague Convention.

Hydra and its principals, Garth McGillewie and his wife, Cynthia McGillewie, subsequently filed a consolidated, voluntary petition in bankruptcy. Their trustee in bankruptcy filed this action against Parker, Poe, Adams & Bernstein, alleging in their final amended complaint that the firm was negligent (1) in failing to serve the proper person, i.e., Alfons Moog, because Moog Maschinenvertrieb allegedly was not a legal entity, and (2) in failing to effect service in the manner prescribed by the Hague Convention.

Parker, Poe, Adams & Bernstein responded that (1) the plaintiffs could have re-served the proper Moog interest under the Hague Convention, but refused to do so; (2) the plaintiffs did not demonstrate they had been damaged; (3) the plaintiffs failed to show that the judgment was collectible; and (4) the malpractice action was in any event barred by statutes of limitations and repose.

The district court, addressing some of these defenses, ultimately granted the law firm's motion for summary judgment on the ground that plaintiffs failed to demonstrate their judgment was collectible. See Rorrer v. Cooke, 329 S.E.2d 355, 369 (N.C. 1985).

Having carefully considered the briefs and arguments of counsel, we affirm on the reasoning of the district court as set forth in its order dated September 15 (filed September 18), 1995, on the issue of the collectibility of the default judgment. See In re McGillewie, No. 93-CV-90 (W.D.N.C. Sept. 15, 1995).

AFFIRMED